IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SCOTT DURHAM and ERIC YOUNG,** Individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs,* | § § | Civil Action No. 4:15-cv-00243 |
| v. | § § | **JURY TRIAL DEMANDED** |
| **VAM USA, LLC,** | § § | **COLLECTIVE ACTION** |
| *Defendant.* | § § | **PURSUANT TO 29 U.S.C. § 216(b)** |

**STIPULATION REGARDING CONDITIONAL CLASS CERTIFICATION**

Plaintiffs Scott Durham and Eric Young ("Plaintiffs") filed this action against VAM USA, LLC ("Defendant") (collectively "the Parties") seeking overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they allege was owed to them and all other similarly-situated Field Service Representatives ("FSRs") employed by Defendant VAM at any time between December 16, 2011 and present. To avoid the expense and delay associated with litigation over whether FSRs should receive Court-approved notice of the opportunity to join the lawsuit as opt-in plaintiffs, the Parties have agreed to stipulate to conditional collective action certification and the issuance of notice to potential opt-in plaintiffs pursuant to Fed. R. Civ. P. 26(d) and 83(b), and section 16(b) of the FLSA. Accordingly, the parties request that the Court approve the enclosed notice and the issuance of same pursuant to the following schedule:

1)      The Parties jointly submit Exhibit 1 containing proposed language for the initial and secondary notifications and the consent form to be authorized by the Court.

2)      Plaintiffs' counsel will administer the notice and pay for the costs associated with its administration. Defendant's counsel will provide to Plaintiffs' counsel a list of potential opt-in

plaintiffs ("the Putative Class Members") containing the name and last known home address, of all former and current FSRs employed by the Defendant at any time between December 16, 2011, and present no later than fourteen (14) days following the Court's granting of the order for conditional certification. This information will be provided in a usable electronic format such as Excel.

3) Plaintiffs' Counsel will promptly mail the proposed notice attached as Exhibit 1 to the Putative Class Members by regular First Class Mail.  On the thirtieth (30th) day following the initial mailing of the proposed notice attached as Exhibit 1, Plaintiffs' counsel will again mail an identical copy of the proposed notice attached as Exhibit 1 to the Putative Class Members.

4) For purposes of the tolling of the limitations period under the FLSA, the filing date for consent forms will be considered the date the completed form is filed with the Court.

5) Plaintiffs' counsel will permit Defendant's counsel to inspect and audit, at reasonable times, all records pertaining to the administration of the notice herein once the opt-in process has been completed.

6) The opt-in period will be sixty (60) days, beginning on the date the first notice is distributed via regular First Class Mail and ending on the sixtieth (60th) day thereafter. Plaintiffs' counsel will notify Defendant's counsel by email on the day the first notice is mailed.

7) Upon completion of the opt-in process, Plaintiffs' counsel will provide the full list of opt-in plaintiffs to Defendant's counsel. The list will contain the name and last known home address (and email address if applicable) of all individuals whose properly completed and signed consent forms were filed with the Court on or before the 60th day of the opt-in period.

8) In order to respect the integrity of the Court-ordered notice process, counsel for either party will not unilaterally initiate contact with any of the Putative Class Members for the purpose of encouraging or discouraging them in their decision whether to opt in to this lawsuit.

9) In the event that a Putative Class Member's initial mailed proposed notice is returned as "undeliverable" without a USPS notice of a new mailing address, Defendant's counsel will provide Plaintiff's counsel with the Putative Class Member's date of birth and last four digits of their social security number to facilitate the locating of the Putative Class Member's current address.

10) This stipulation is entered without prejudice to the right of Defendant to challenge the propriety of collective action status of this matter at any later point in the proceeding.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

/s/ Brian G. Patterson
Brian G. Patterson
Texas Bar No. 24042974
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Telephone: (713) 220-5800
Facsimile: (713) 236-0822

Attorney In Charge For Defendant

Of Counsel:
Robert G. Lian, Jr. (admitted *pro hac vice*)
Joshua K. Sekoski (admitted *pro hac vice*)
1333 New Hampshire Avenue, NW
Washington, DC  20036
Telephone: 202.887.4000
Facsimile:  202.887.4288

/s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
calexander@phippsandersondeacon.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
aanderson@phippsandersondeacon.com
**PHIPPS ANDERSON DEACON LLP**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFFS AND PUTATIVE CLASS MEMBERS**